Per Curiam.

This was an action on a note, to which the defendant Caruthers pleaded his discharge as a bankrupt. The plaintiff replied a new promise, and the jury found for the defendant, and the case comes up from a motion for a new trial.
The evidence consists mostly of declarations made by Caru-thers to other persons. No doubt he did state in such conversations that he intended to pay the note, but in some of these conversations, he stated that he would pay, provided his security in the note could be released; and in others, he. is reported to have admitted that he had promised to pay Prewett, and that he would do so. But very little reliance is to be placed on such promiscuous conversations held with third persons. It appears that there were two interviews between the plaintiff and defendant; in the first, Prewett asked Caruthers for a settlement about the note, and requested him to give a new note. This Caruthers refused to do, but admitted that he had agreed to pay the note if Prewett would release his security, B. C. Burnett. In the next interview, Caruthers declared that he was free from all liability in consequence of his bankruptcy, yet he agreed to save his security harmless if he ever should be able. The witness did not recollect that Caruthers stated to Prewett that he would not pay the note, but he stated his discharge and relied upon it. There is, then, an absence of proof of a subsequent promise, unless we take the loose declarations of Caruthers made to third *495 persons. Such conversations might serve to furnish some grounds for a presumption that a promise had been made to the creditor; but of themselves they do not amount to a promise. The conversations between the parties must be relied on as furnishing the best evidence, and in them there was no such promise made as will bind the party. The English authorities hold that the promise to pay will not make a bankrupt liable unless it be distinct and unequivocal. Fleming v. Horne, 2 Eng. Com. Law Rep. 431; Besford v. Saunders, 2 H. Black. 116. We are not prepared to hold that a mere vague or conditional promise will be sufficient. On the contrary, we are rather inclined to exact more than the English decisions have done. If a subsequent promise will bind at all, it must be of the most unequivocal character. We do not say whether any promise will be sufficient.
One of the grounds for a new trial was, that the plaintiff’s counsel had accidentally put the note, on which the suit was brought, in his pocket, instead of handing it to the jury, but handed them a different note, which bore marks of payment on its face. There is no showing on this point that would warrant a new trial.
Judgment affirmed.